Case 7:16-cv-00494 Document 16 Filed in TXSD on 10/20/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PABLO MARTINEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-00494 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## ORDER & OPINION

The Court now considers Pablo Martinez and Julie Pecina's ("Plaintiffs") motion to remand.[1] After duly considering the record and authorities, the Court **GRANTS** the motion.

### I. BACKGROUND

The Plaintiffs in this case insured their property with a policy provided by Allstate Texas Lloyds ("Defendant").[2] Plaintiffs' property allegedly suffered damage from a storm on May 9, 2014,[3] and Plaintiffs claim that Defendant failed to "fully compensate" them.[4] Plaintiffs filed suit in state court on May 9, 2016, alleging breach of contract and extra-contractual violations.[5] Defendants received notice of the suit much later—July 28, 2016—and answered on August 16, 2016.[6] Notice of removal was filed August 17, 2016, the next day.[7] Plaintiffs moved to remand on September 7, 2016.[8]

---

[1] Dkt. No. 4.
[2] Dkt. No. 1-4 at p. 3.
[3] *Id*.
[4] Dkt. No. 1-4 at p. 3.
[5] *Id*. at pp. 4–10.
[6] Dkt. No. 8 at p. 1; Dkt. No. 1-6.
[7] Dkt. No. 1.
[8] Dkt. No. 4.

## II.  LEGAL STANDARD

After removal, a plaintiff may move for remand and, if it appears that the district court lacks subject matter jurisdiction, "the case shall be remanded."[9] Removal statutes are construed "strictly against removal and for remand."[10] Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.[11] In cases where remand is requested on the ground that less than the jurisdiction amount is controverted, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[12] In cases involving the applicability of an insurance policy to a particular occurrence, the amount in controversy is determined by the value of the underlying claim, and not "the face amount of the policy [coverage]."[13]

The sum claimed by the plaintiff in his original petition will often control.[14] However, "[t]he face of the plaintiff's pleading will not control if made in bad faith."[15] A pleading is made in bad faith when the state procedural rules prohibit a plaintiff from pleading a specific amount in controversy, but the plaintiff does so anyway, in an amount sure to evade federal jurisdiction.[16] Texas Rule of Civil Procedure 47 currently prohibits plaintiffs from pleading a specific amount.[17]

## III.  APPLICATION

The amount in controversy suggested by Plaintiffs in their original state court petition is not controlling because it was made in bad faith—simply to avoid federal jurisdiction. Texas

---

[9] 28 U.S.C. § 1447(c).
[10] *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996), (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).
[11] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).
[12] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) (citations omitted).
[13] *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).
[14] *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).
[15] *Id.*
[16] *De Aguilar*, 47 F.3d at 1410.
[17] Tex. R. Civ. P. 47.

Rule of Civil Procedure 47 prohibits a plaintiff from declaring a specific amount in controversy. Thus, Plaintiffs' statement that "[p]laintiffs seek monetary relief of $75,000.00 or less . . . ." is unavailing, and does not control the Court's analysis. However, the fact that the amount alleged by Plaintiff is disregarded does not establish that the jurisdictional requirement has been met. Rather, the Court must look to Defendant to establish the amount.

Despite its efforts, Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant points out that the insurance policy in question provides more than $200,000 in coverage.[18] Beyond this, Defendant merely identifies language in Plaintiffs' petition suggesting expansive recovery: "past, present, and future costs of repair," "investigative and engineering fees," "mitigation [costs]," "reliance," "restitution," "costs of alternative housing while repairs are occurring," "consequential damages," "attorney's fees," "pre-judgment and post-judgment interest," "plus 18% per annum penalty."[19] Plaintiffs' use of the terms "knowing" and "intentional" also suggests that they are seeking treble damages.[20]

However, the Court does not consider the policy limits for purposes of determining the amount in controversy in this instance.[21] Moreover, Defendant has failed to submit a single piece of evidence (*e.g.,* a demand letter) suggesting the actual amount in controversy. Though Plaintiffs' petition suggests expansive recovery, nothing in the petition gives the Court a basis for estimating actual or other damages. For example, though it is clear Plaintiff is seeking treble damages, it is not clear *what* is to be trebled. In short, Defendant has not carried its heavy burden

---

[18] Dkt. No. 8. at p. 1.
[19] Dkt. No. 1-4 at p. 11.
[20] *Id.* at pp. 5,
[21] *See Hartford Ins. Grp.*, 293 F.3d at 911.

of establishing this Court's jurisdiction because it failed to submit any cognizable evidence providing the Court with a baseline for estimating the amount in controversy.

### IV. HOLDING

Plaintiffs' remand motion is **GRANTED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of October, 2016.

                                                                    _____
                                                                    Micaela Alvarez
                                                                    United States District Judge